J-S29014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH WAYNE MOORE | : | |
| | : | |
| Appellant | : | No. 771 WDA 2024 |

Appeal from the PCRA Order Entered June 7, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000677-2014

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                **FILED:  November 24, 2025**

Appellant Keith Wayne Moore appeals from the order denying his first Post-Conviction Relief Act[1] (PCRA) petition.  On appeal, Appellant claims that the PCRA court erred by dismissing his claims without a hearing.  After review, we remand for further proceedings consistent with this memorandum.

The facts of this case are well known to the parties.  Briefly, Appellant was convicted of rape of a child, statutory sexual assault, corruption of a minor and two counts of indecent assault after a jury trial in 2016.  ***See Commonwealth v. Moore***, 1762 WDA 2016, 2017 WL 5951602, at *1 (Pa. Super. filed Nov. 28, 2017) (unpublished mem.).  A previous panel of this Court affirmed Appellant's judgment of sentence on November 28, 2017.  ***See***

---

[1] 42 Pa.C.S. §§ 9541-9546.

*id.* Appellant did not seek petition for allowance of appeal with our Supreme Court.

On June 15, 2018, Appellant filed a *pro se* PCRA petition, his first.[2] Eric A. Padin, Esq. was appointed to represent Appellant.[3] Attorney Padin filed a motion to withdraw as counsel on October 15, 2019, which the PCRA court

---

[2] The certified record on appeal is substantially incomplete. While there are numerous docket entries from 2014 until 2025, the certified record on appeal is missing many of those documents. Accordingly, we have endeavored to summarize the procedural history of the case based upon the available documents, docket entries, and documents that are attached as exhibits to later filings.

To the extent that we rely on documents attached to Appellant's brief that are not part of the certified record, we note that we may consider these documents when their accuracy is not in dispute. **See Commonwealth v. Barnett**, 121 A.3d 534, 545-46 n.3 (Pa. Super. 2015) (stating that "[w]hile this Court generally may only consider facts that have been duly certified in the record, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it") (citations omitted)); **see also Commonwealth v. Addison**, 139 WDA 2024, 2024 WL 5135730, at *1 n.4 (Pa. Super. filed Dec. 17, 2024) (unpublished mem.) (relying on a Rule 1925(b) statement that was not included in the certified record but was attached to the appellant's brief where the Commonwealth did not dispute its accuracy). **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value). As the Commonwealth has not filed a brief in this case, we conclude the materials attached to Appellant's brief are undisputed.

[3] **See** Docket No. 677 of 2014, at 13 (showing Attorney Padin filed a motion on August 24, 2018 seeking transcripts); PCRA Pet., 3/4/20, Ex. F (establishing that Attorney Padin represented Appellant and filed a motion to withdraw on October 15, 2019 due to a conflict of interest based upon his position with the Venango County Public Defender's Office); **see also** Docket No. 677 of 2014, at 14 (reflecting the October 15, 2019 motion to withdraw).

granted on January 15, 2020.[4,5] That same day, the PCRA court appointed Pamela L. Sibley, Esq. to represent Appellant and directed Attorney Sibley to file an amended PCRA petition on behalf of Appellant. For unknown reasons, Attorney Sibley took no action in the case.

On March 6, 2020, Appellant filed another *pro se* PCRA petition. The docket contains several entries after the filing of the March 2020 PCRA petition showing that Appellant sent multiple letters to the court. However, these letters are not part of the certified record on appeal. On October 22, 2020, Appellant filed a motion for new counsel, which the trial court granted on March 15, 2021.[6] Michael T. Muha, Esq. was appointed to represent Appellant.[7] After Attorney Muha was appointed, the docket contains entries for numerous letters from defendant and *pro se* filings including motions for new counsel. The PCRA court denied these motions for new counsel because

---

[4] ***See*** Docket No. 677 of 2014, at 14 (reflecting the October 15, 2019 motion to withdraw); PCRA Pet., 3/4/20, Ex. A.

[5] The docket contains an entry showing that Wayne H. Hundertmark, Esq. entered his appearance on September 18, 2025. ***See*** Docket No. 677 of 2014, at 14. However, Attorney Hundertmark does not appear again on the docket and the order granting Attorney Padin's motion to withdraw and Appellant's motion for change of counsel does not reference Attorney Hundertmark. ***See id.*** at 14-23; PCRA Pet., 3/4/20, Ex. A. Accordingly, it is unclear what role, if any, Attorney Hundertmark played in this case.

[6] ***See*** Docket No. 677 of 2014, at 15-16; PCRA Ct. Op., 5/2/23, at 3.

[7] ***See*** Docket No. 677 of 2014, at 16 (showing Attorney Muha filed a motion for transcripts in August of 2021 after the PCRA court's order granting Appellant's motion for change of counsel).

Attorney Muha did not receive the notes of testimony until sometime after July 27, 2022.[8]

In October of 2022, Attorney Muha sent the PCRA court a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), asserting that Appellant's PCRA petition was untimely.[9] The PCRA court disagreed with Attorney Muha's conclusion and entered an order reflecting that determination on May 2, 2023.[10]

On August 14, 2023, Appellant filed a *pro se* motion for the removal of counsel, which the PCRA court denied on August 18, 2023.[11] Appellant filed another *pro se* motion for the removal of counsel on October 19, 2023, and Attorney Muha filed a second **Turner**/**Finley** no-merit letter, and an

_____

[8] **See** PCRA Ct. Op., 5/2/23, at 3-4.

[9] Attorney Muha's no-merit letter is date stamped as being received by the Venango County Clerk of Courts on April 3, 2023. **See** Counsel's No-Merit Letter, 4/3/23. However, the PCRA court noted in its May 2, 2023 opinion that the Attorney Muha faxed the no-merit letter and petition to withdraw to the PCRA court "on October 3, 2022 and October 4, 2022, [and] one version was time stamped on October 11, 2022 but not entered into the docket." PCRA Ct. Op., 5/2/23, at 4. The no-merit letter attached as an exhibit to that opinion is nearly identical to the no-merit letter date stamped April 3, 2023. **Compare** PCRA Ct. Op., 5/2/23, Ex. C **with** Counsel's No-Merit Letter, 4/3/23.

[10] The order is not part of the certified record on appeal. However, the accompanying opinion, which is available in the record, makes clear that the PCRA court did not agree with counsel's no-merit letter. **See** PCRA Ct. Op., 5/2/23, at 6.

[11] **See** Docket No. 677 of 2014, at 18.

accompanying motion to withdraw as counsel, on November 2, 2023.[12]  On April 10, 2024, the PCRA court entered a notice of intent to dismiss Appellant's PCRA petition, pursuant to Pa.R.Crim.P. 907, and granted Attorney Muha's motion to withdraw.  Appellant filed a *pro se* response on April 30, 2024.  On June 7, 2024, the PCRA court dismissed Appellant's PCRA petition as meritless. Appellant filed a timely *pro se* notice of appeal on June 27, 2024.  The following day, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement.[13]  Appellant filed a *pro se* Rule 1925(b) statement on July 22, 2024.[14]

On August 5, 2024, the PCRA court entered an order recognizing that it received Appellant's *pro se* notice of appeal and Rule 1925(b) statement and further ordering that a hearing should be held, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if Appellant wished to proceed *pro se* on appeal.[15]  The court held a **Grazier** hearing on September 13, 2024 and appointed Matthew C. Parson, Esq. to represent Appellant for

---

[12] Neither Appellant's *pro se* filings nor counsel's second no-merit letter are part of the certified record on appeal.  However, the docket establishes that they were filed.  **See** Docket No. 677 of 2014, at 18-19.

[13] This order is not part of the record on appeal but is apparent from the docket.  **See** Docket No. 677 of 2014, at 21.

[14] This filing is not part of the certified record but is apparent from the docket. **See** Docket No. 677 of 2014, at 21.

[15] We note that, generally, when a PCRA court accepts a no-merit letter and permits counsel to withdraw, a petitioner is not entitled to counsel on appeal. **See Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa. Super. 2019).

appeal on September 16, 2024. The PCRA court's order appointing Attorney Parson also allowed him to file an amended Rule 1925(b) statement.

Thereafter, Appellant sent a letter to the court seeking the appointment of new counsel alleging that Attorney Parson had a conflict of interest. On September 30, 2024, the PCRA court denied Appellant's request to appoint new counsel.

Attorney Parson filed an amended Rule 1925(b) statement on October 8, 2024, which raised a single issue claiming that the PCRA court erred by finding Appellant's PCRA petition was untimely. On October 28, 2024, the PCRA court filed a statement in lieu of a Rule 1925(a) opinion, which concluded that "upon further review, this court now determines that we lack jurisdiction over the initial PCRA petition, as it was untimely." *See* PCRA Ct. St., 10/28/24 (some formatting altered).[16]

On October 15, 2024, Appellant filed a *pro se* motion with this Court requesting the appointment of new counsel. Therefore, on November 15, 2024, this Court entered an order directing the PCRA court to rule on Appellant's motion. The PCRA court held a hearing on December 13, 2024; and on December 16, 2024, entered an order finding that Appellant "agreed that there [was] no conflict of interest and [that] he wishes to proceed on his appeal with Attorney [Parson]." *See* PCRA Ct. Order, 12/16/24. The PCRA

---

[16] The PCRA court's statement in lieu of opinion is reflected in the docket and is attached to Appellant's brief. *See* Docket No. 677 of 2014, at 22; Appellant's Brief, App. C, at 3. However, it was never filed with this Court and is not in the certified record.

court also stated that "there has been some confusion over some of the orders in this case, the court is hereby granting Attorney Parson an additional thirty (30) days in which to file an amended [Rule 1925(b)] statement." *Id.* (some formatting altered). Further, the PCRA court noted that

> in a previous order from this court we stated that the PCRA [petition] was not timely filed; however, upon further review, the court specifically finds that the PCRA [petition] was timely filed in this matter but still stands by the decision and reasoning given at the time of the last hearing with prior counsel, Attorney [Muha]. Therefore, the court will file its response after receiving the amended [Rule 1925(b)] statement from [Attorney Parson].

*Id.* (some formatting altered). Attorney Parson filed an amended Rule 1925(b) statement on December 18, 2024.[17] On March 24, 2025, the PCRA court filed a letter with this Court requesting a remand and stating that "the issues raised in the amended [Rule 1925(b) statement] filed on December 18, 2024 were never raised by any prior counsel" and concluding that Appellant "was not adequately represented by prior PCRA counsel . . . ." PCRA Ct. Letter, 3/24/25.

On appeal, Appellant raises the following issues for our review:

1. Whether the [PCRA] court erred as a matter of law or abused its discretion in concluding and/or finding that [Appellant's] PCRA petition was frivolous when [Appellant] raised that trial counsel failed to present impeachment evidence for the victim's mother showing a motive to fabricate of faked contracts signed

---

[17] The December 18, 2024 amended Rule 1925(b) statement is not in the certified record. However, it appears in the Appellant's brief as "Appendix B" and is referenced in the PCRA court's March 24, 2025 letter. *See* Appellant's Brief, App. B; PCRA Ct. Letter, 3/24/25.

by the mother and the mother's AT&T account showing she purchased the cell phone.

2. Whether the [PCRA] court erred as a matter of law or abused its discretion in concluding and/or finding that [Appellant's] PCRA was frivolous when [Appellant] raised that trial counsel failed to object to the Commonwealth's closing statement in which the [prosecutor] pointed at [Appellant] and said, "people like him[.]"

3. Whether the [PCRA] court erred as a matter of law or abused its discretion in concluding and/or finding that [Appellant's] PCRA was frivolous when [Appellant] raised that the [trial] counsel stopped him from taking the stand at trial.

4. Whether the [PCRA] court erred as a matter of law or abused its discretion in concluding and/or finding that [Appellant's] PCRA was frivolous when [Appellant] raised that his appellate counsel never spoke to him about the issues raised on appeal.

Appellant's Brief at 5-6 (some formatting altered).

Our standard of review regarding an order denying a PCRA petition is as follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

Initially, we address the timeliness of Appellant's PCRA petition as it is a jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027,

1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition . . . must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Here, Appellant's judgment of sentence became final on December 28, 2017, when the period for seeking review with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in . . . the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a) (allowing thirty days from entry of order to file petition for allowance of appeal with Pennsylvania Supreme Court). Therefore, Appellant had until December 28, 2018 to file a timely PCRA petition. Since Appellant filed his *pro se* PCRA petition on June 15, 2018, his petition is timely.[18]

---

[18] It is irrelevant for timeliness purposes that Appellant filed another *pro se* PCRA petition on March 6, 2020 because, at the time of that filing, the PCRA court had not ruled on the June 15, 2018 petition and Appellant had not withdrawn it. *See Commonwealth v. Flanagan*, 854 A.2d 489, 499 & n.7 (Pa. 2004) (holding that a PCRA court properly declined to treat a subsequent PCRA petition filed eleven years after an original PCRA petition as a "serial
*(Footnote Continued Next Page)*

Next, we must address whether Appellant had effective assistance of counsel for his first PCRA. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (recognizing that this Court may raise the denial of the right to PCRA counsel *sua sponte*). It is well established that a petitioner has a right to effective assistance of counsel on a first PCRA petition. *See Commonwealth v. Miranda*, 317 A.3d 1070, 1075 (Pa. Super. 2024) (citing *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019)); *see also Commonwealth v. Albrecht*, 720 A.2d 693, 699-700 (Pa. 1998) (explaining that the right to counsel for a first PCRA petition is the right to **effective** counsel). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Miranda*, 317 A.3d at 1075 (citation omitted). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted).

When PCRA counsel believes that the issues raised by the PCRA petitioner are without merit,

> he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA

[PCRA] petition which would be independently subject to the PCRA's one-year time limitation" because the original petition had never been withdrawn or dismissed).

- 10 -

petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Kelsey*, 206 A.3d at 1139 (citations omitted).

Ultimately, "[t]he right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. To have any meaning, the rule also requires appointed counsel to provide meaningful representation." *Perez*, 799 A.2d at 852 (citations omitted).

[W]hen appointed counsel fails to amend an inarticulately drafted *pro se* [PCRA] petition, or fails otherwise to participate meaningfully, this court will conclude that the proceedings were, for all practical purposes, [uncounseled] and in violation of the representation requirement . . . . [A PCRA] petition is effectively [uncounseled] under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction deprived the petitioner the opportunity of legally trained counsel to advance his position in acceptable legal terms.

*Id.* (citations omitted and some formatting altered).

Here, we conclude that Appellant was denied the effective assistance of counsel in litigating his first PCRA petition. Appellant was represented by, at least, three attorneys before the dismissal of his first PCRA petition. From mid-2018 until mid-2021, neither of the two attorneys who represented Appellant during that span filed a no-merit letter or an amended petition

addressing Appellant's PCRA claims. Once Attorney Muha was appointed, he failed to file a no-merit letter or amended petition on behalf of Appellant for over a year.[19] In October of 2022, Attorney Muha sent a no-merit letter to the PCRA court. *See* Counsel's No-Merit Letter, 4/3/23. In the no-merit letter, Attorney Muha errantly concluded that Appellant's petition was untimely because he based his analysis on the March 6, 2020 *pro se* PCRA petition. *See id.* at 3 (unpaginated). However, as stated above, the June 15, 2018 petition was the relevant petition for timeliness purposes. The PCRA court correctly rejected Attorney Muha's conclusion that Appellant's petition was untimely. *See* PCRA Ct. Op., 5/2/23, at 5-6. Attorney Muha filed a second no-merit letter on November 2, 2023. However, that no-merit letter is not part of the certified record; and therefore, we cannot determine whether it satisfied the mandatory requirements of a *Turner*/*Finley* no-merit letter. *See Kelsey*, 206 A.3d at 1139.

Nonetheless, the PCRA's court's conclusions and actions after Attorney Muha's no-merit letter suggest that the November 2, 2023 letter was inadequate. The PCRA court first issued a Rule 907 notice, which notified

---

[19] While the PCRA court stated that Attorney Muha's delay resulted from a delay in obtaining transcripts, we note that the transcripts of Appellant's trial were available to this Court on direct appeal. *See Moore*, 2017 WL 5951602, at *1-2, *5 (citing the notes of testimony from Appellant's trial and sentencing hearing); *see also* PCRA Ct. Op., 5/2/23, at 3 (stating that a hearing on Appellant's motion for new counsel was cancelled because Attorney Muha had not received the transcripts he requested). Accordingly, it is unclear why there was such a substantial delay in counsel obtaining the requested transcripts.

Appellant that the court agreed with Attorney Muha's no-merit letter, and granted Attorney Muha leave to withdraw. *See* PCRA Ct. 907 Notice, 4/10/24, at 1-2 (unpaginated). The PCRA court then dismissed Appellant's petition as meritless. *See* PCRA Ct. Order, 6/7/24. However, the PCRA court's statement in lieu of a Rule 1925(a) opinion stated that Appellant's petition was untimely. *See* PCRA Ct. St., 10/28/24. The PCRA, thereafter, clarified that Appellant's petition was timely but still concluded it was without merit. *See* PCRA Ct. Order, 12/16/24. Ultimately, in its March 24, 2025 letter to this Court, the PCRA court concluded that Appellant was not adequately represented by prior PCRA counsel and requested that this Court remand the case. *See* PCRA Ct. Letter, 3/24/25.

Based upon the above, we agree with the PCRA court's conclusion that Appellant was not adequately represented by prior PCRA counsel because the "omissions of record demonstrate that counsel's inaction deprived [Appellant] the opportunity of legally trained counsel to advance his position in acceptable legal terms." *See Perez*, 799 A.2d at 852. The mostly unexplained multiple year delay of all three attorneys in addressing Appellant's issues, errant conclusions of Attorney Muha's initial no-merit letter, our inability to review Attorney Muha's second no-merit letter because it is absent from the certified record, and the PCRA court's revised rationale after Attorney Muha's second no-merit letter suggests that each of Appellant's prior PCRA counsel failed to provide Appellant with meaningful representation and, accordingly, we conclude Appellant's right to counsel for his first PCRA petition was violated.

*See id.* Therefore, we vacate the order dismissing Appellant's PCRA petition and remand the case for further proceedings. *See id.* at 851 (stating "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel" (citation omitted)).

In prior cases where we have addressed similar denials of an appellant's right to effective PCRA counsel, we have remanded for the appointment of new counsel. *See Miranda*, 317 A.3d at 1077; *Perez*, 799 A.2d at 853; *Kelsey*, 206 A.3d at 1140. However, we see no need to appoint new counsel in this case because the PCRA court already appointed Attorney Parson after the dismissal of Appellant's PCRA petition for the purposes of appeal. Accordingly, on remand, the PCRA court shall allow Attorney Parson to file an amended PCRA petition on behalf of Appellant. The PCRA court shall consider and rule on the issues raised therein in the first instance.

Order vacated.[20] Case remanded with instructions. Jurisdiction relinquished.

---

[20] Because we remand the case to the PCRA court for further proceedings, we do not address the merits of Appellant's claims on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  11/24/2025